IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: MONICA LYNN COLEMAN | : |
| Debtor | : |
| MONICA LYNN COLEMAN | : |
| Appellant | : |
| v. | :   Civil #L-00-3634 |
| LORI S. SIMPSON | : |
| Appellee | : |

...ooOoo...

<u>O R D E R</u>

On November 20, 2000, the United States Bankruptcy Court (Judge E. Stephen Derby) issued a Memorandum Opinion and Order Granting in Part and Denying in Part Trustee's Motion to Compel. On December 14, 2000, the Debtor, Monica Lynn Coleman filed a Motion for Leave to Appeal. The motion, which the Chapter 7 Trustee, Lori S. Simpson, has opposed, has been fully briefed, so no hearing is necessary. Local Rule 105.6 (D. Md. 1999) For the reasons stated herein, Ms. Coleman's Motion for Leave to Appeal is DENIED.

While Ms. Coleman's motion complains generally about Ms. Simpson, it raised two points: (i) that Judge Derby improperly combined her Rule 2004 examination and adversary proceeding into an omnibus examination, and (ii) Judge Derby improperly ruled that Ms. Coleman could not assert the Fifth Amendment in a blanket fashion, but must appear for a hearing to clarify her fear of prosecution on a question by question basis



Ms. Coleman's arguments must fail. Judge Derby has full authority to set the terms and conditions of a Rule 2004 examination. Moreover, as the Trustee points out, Ms. Coleman herself agreed to the omnibus examination as a means of saving time.

Judge Derby also has full authority to examine Ms. Coleman's Fifth Amendment assertions on a question by question basis. In his Memorandum Opinion, Judge Derby correctly and thoroughly examines the Fifth Amendment issues. While Ms. Coleman faces potential criminal prosecution for her activities at Coleman Craten, LLC, it is apparent that she has claimed the privilege in response to questions that could not possibly tend to incriminate her. At the hearing, Judge Derby will be able to decide which questions Ms. Coleman must answer and which questions she may constitutionally decline to answer.

Accordingly, the MOTION FOR LEAVE TO APPEAL is hereby this 30th day of March, 2001, DENIED.

_____
Benson Everett Legg
United States District Judge